■ STEPHANIE ZIMMER, an Infant, by Her Mother and Natural Guardian, ELIZABETH ZIMMER, et al., Appellants, v PHELPS MEMORIAL HOSPITAL CENTER CORP., Doing Business as PHELPS MEMORIAL HOSPITAL CENTER, et al., Defendants, and LEONARD J. COLLIER et al., Respondents.

The plaintiffs maintain that as a result of the alleged malpractice of the defendants during the delivery of the infant plaintiff, the infant was caused to suffer a permanent injury to the brachial plexus nerves of the right shoulder,

resulting in a permanent Erb's palsy and causing shortening and limitation of the use of her right arm and hand.

On the eve of trial, the plaintiffs moved for partial summary judgment on the issue of liability as against the defendants Dr. Collier and Sleepy Hollow Medical Group, P. C., with which the defendant Dr. Collier is associated. In support of their motion, the plaintiffs submitted, *inter alia,* affidavits of four physicians who engaged in detailed analyses of the defendant Dr. Collier's techniques and who opined "unequivocally that Dr. Leonard Collier deviated from good and acceptable standards of obstetrical practice and as a direct result of these deviations the infant plaintiff suffered a permanent Erb's Palsy injury".

In opposition to the plaintiffs' motion, the respondents tendered, *inter alia,* a physician's affidavit, in which he reviewed the respondents' delivery procedures, stated that the defendant Dr. Collier did not deviate from good and accepted standards of obstetrical care and concluded that the injury sustained by the infant plaintiff was an "unavoidable complication" of a difficult delivery. Further, at his examination before trial, Dr. Collier testified that he did not depart from accepted standards of medical practice.

The Supreme Court, Westchester County, determined that issues of fact existed which precluded the granting of partial summary judgment and, we conclude, properly so. The respondents satisfied their burden of "produc[ing] evidentiary proof in admissible form establishing the existence of material questions of fact" which require a trial of the action *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 326-327). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.